IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| ROGUE RIVERKEEPER, | No. 1:11-cv-3013-CL |
| Plaintiff, | |
| v. | |
| DONALD BEAN, | ORDER |
| Defendant. | |

**PANNER, District Judge:**

Plaintiff Rogue Riverkeeper brings this action under the citizen suit provision of the Clean Water Act, 33 U.S.C. § 1365(g), claiming that defendant Donald Bean illegally discharged waste water and dredged material into Sucker Creek while mining for gold. Magistrate Judge Mark D. Clarke has filed a Report and Recommendation recommending entry of default judgment against defendant, and the matter is now before this court. See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). When a party objects to any portion of a Magistrate Judge's Report and Recommendation, the

1 - ORDER

district court makes a de novo determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1)(C); McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F. 2d 1309, 1313 (9th Cir. 1981).

Defendant filed objections after the deadline for doing so, but I will consider them. After reviewing this matter de novo, I adopt Magistrate Judge Clarke's Report and Recommendation (R&R).

## DISCUSSION

Magistrate Judge Clarke recommends granting plaintiff's motion for default judgment because plaintiff established defendant violated the Clean Water Act during his mining operations. I agree with the R&R that plaintiff is entitled to default judgment.

### I. Procedural Background

The Clerk of the Court issued an order of default against defendant because defendant repeatedly failed to comply with this court's orders. After plaintiff filed this action in February 2011, defendant did not file an answer. Plaintiff's counsel attempted to confer with defendant about scheduling, as required by Federal Rule of Civil Procedure 26(f). After an initial telephone conversation with defendant in which plaintiff's counsel attempted to explain federal procedures, defendant refused to communicate with plaintiff despite repeated telephone calls.

Rather than file an answer or a motion to dismiss, in March 2011, defendant filed a document entitled "Petition to Quash

2 - ORDER

Summons or Complaint" (ECF No. 5), arguing that plaintiff and its attorneys were attempting to extort money from him and were committing fraud on the court.

In September 2011, after entry of the default order, Magistrate Judge Clarke warned defendant that failure to file an answer would result in entry of default judgment. Defendant did not file an answer. Magistrate Judge Clarke evaluated plaintiff's briefs and supporting evidence, and issued the current R&R recommending entry of default judgment against defendant.

Defendant has filed appeals to the Ninth Circuit and to the Federal Circuit. Defendant's appeals were dismissed.

## II. Legal Issues

Defendant asserts that because he has a statutory right to mine on federal land, he has no obligation to comply with the Clean Water Act. He argues that this court lacks subject matter jurisdiction over plaintiff's claims.

I agree with Magistrate Judge Clarke that this court has subject matter jurisdiction over plaintiff's claims. Although Congress granted a statutory right to mine on public lands, that right is not absolute. "The United States, as owner of the underlying fee title to the public domain, maintains broad powers over the terms and conditions upon which the public lands can be used, leased, and acquired." United States v. Locke, 471 U.S. 84, 104 (1985). The right to mine on federal land is a "unique form of property" because the federal government "retains substantial

3 - ORDER

regulatory power." Locke, 471 U.S. at 104, 105 (quotation marks omitted). Miners operating on federal forest land must comply with environmental statutes and regulations. See, e.g., 16 U.S.C. § 478 (miners entering federal forest land "must comply with the rules and regulations covering such national forests").

Defendant contends that this court lacks jurisdiction. Parties frequently disagree with court orders. However, even when a party is certain that a court order is invalid, the party must comply with the order unless and until the order is stayed or reversed by a higher court. Chapman v. Pacific Tel. and Tel. Co., 613 F.2d 193, 197 (9th Cir. 1979). A party's duty to obey an order of this court does not depend on whether the party agrees with the order. "The orderly and expeditious administration of justice by the courts requires that 'an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings.'" Maness v. Meyers, 419 U.S. 449, 459 (1975) (quoting United States v. United Mine Workers, 330 U.S. 258, 293 (1947)).

Defendant's refusal to comply with this court's orders has caused the order of default to be entered against him. Based on Magistrate Judge Clarke's thorough and correct Report and Recommendation, I have no choice but to issue a default judgment.

## CONCLUSION

Magistrate Judge Clarke's Report and Recommendation (#84) is

4 - ORDER

adopted.  Plaintiff's motion for default judgment (#72) is granted.  Plaintiff is ordered to submit within thirty days a proposed order and judgment in accordance with the Report and Recommendation.

    IT IS SO ORDERED.

    DATED this **25** day of April, 2013.

                    */s/ Owen M. Panner*
                    OWEN M. PANNER
                    U.S. DISTRICT JUDGE